|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

| Case No. | **CV 20-2475-JFW(MAAx)** | Date: February 12, 2021 |
|---|---|---|

Title:   Orlando Garcia -v- Joy SM, Inc., et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

| PROCEEDINGS (IN CHAMBERS): | ORDER DISMISSING PLAINTIFF'S AMERICANS WITH DISABILITY ACT CLAIM;<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH CIVIL RIGHTS ACT CLAIM; and<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT [filed 1/25/21; Docket No. 34] |
|---|---|

   On January 25, 2021, Plaintiff Orlando Garcia ("Plaintiff") filed a Motion for Summary Judgment ("Motion").  On February 1, 2021, Defendant Joy SM, Inc. ("Defendant") filed its Opposition.  On February 8. 2021, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 22, 2021 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

   Plaintiff is a C-5 quadriplegic, suffers from cerebral palsy, and uses a wheelchair for mobility.  Plaintiff visited Defendant's restaurant, Tom N Toms, located at 440 S. Vermont Avenue, Los Angeles, California, on January 23, 2020.

   On March 16, 2020, Plaintiff filed a Complaint against Defendant, alleging causes of action for: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); and (2) violation of the

Unruh Civil Rights Act ("Unruh Act").  In his Complaint, Plaintiff alleges that Defendant violated the ADA and the Unruh Act because Tom N Toms did not provide and maintain accessible dining tables in the outdoor dining area.

## II.     Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  Once the moving party meets its burden, a party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must set out specific facts showing a genuine issue for trial.  *Id.* at 250; Fed. R. Civ. P. 56(c), (e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.").  In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party.  *Anderson*, 477 U.S. at 248.  "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999).  The Court must assume the truth of direct evidence set forth by the opposing party.  *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992).  However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom.  *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987).  Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37.  In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## III.    Discussion

### A.     Plaintiff's ADA Claim is Moot

Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*.  *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir.1989).  A claim is moot if it has lost its character as a "present, live controversy." *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir.1984) (citation omitted).  A court cannot take jurisdiction over a claim to which "no effective relief can be granted." *Id.*; *see also Powell v. McCormack*, 395 U.S. 486, 496 n. 7 (1969) (court lacks jurisdiction to consider the merits of a moot case).  In an ADA action, if a plaintiff has

"already . . . received everything to which [he] would be entitled, *i.e.*, the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that [the plaintiff] will again be subjected to the same wrongful conduct by this defendant." *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Parr v. L & L Drive–Inn Restaurant*, 96 F.Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing plaintiff's ADA claims predicated on alleged violations that had been corrected as moot).

In this case, it is undisputed that Defendant's restaurant, Tom N Toms, is permanently closed and, as a result, Plaintiff's ADA claim is moot.  *See* Reply, 7:22-8:1 ("Because the business is permanently closed, Plaintiff's request for injunction to remediate the inaccessible dining tables is moot"); Plaintiff's Proposed Statement of Decision, 5:16-17; *see also Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th Cir. 2011) (holding that "claims for prospective injunctive relief" under the ADA become moot once the business has "ceased operation"); *Disabled Rights Action Comm. v. Fremont St. Experience LLC*, 44 F. App'x 100, 103 (9th Cir. 2002)(holding that the claim for an injunction "moot given that the Race Rock has gone out of business for reasons unrelated to this litigation"); *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1135 n.1 (9th Cir. 2002) (noting with approval that, because "the parties stipulated that the Anderson store has closed," the district court had dismissed plaintiff's ADA claims as to that store as moot).

Accordingly, the Court dismisses as moot Plaintiff's first cause of action for violation of the ADA.  *See Johnson v. Cala Stevens Creek/Monroe, LLC,* 401 F. Supp. 3d 904, 910 (N.D. Cal. 2019) (dismissing ADA claim where the defendant's spa had closed and the closure "renders the request for an injunction moot and thus deprives the Court of subject matter jurisdiction").

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

"The district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988).  "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'"  *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)).

In his Reply, Plaintiff agues that because discovery has been completed, the Court should retain supplemental jurisdiction over Plaintiff's Unruh Act claim.  The Court finds Plaintiff's argument unpersuasive.  Plaintiff will be able to use the information obtained during discovery in this Court if Plaintiff decides to pursue his Unruh Act claim in state court.  In addition, "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Therefore, in light of the fact that the Court has dismissed the only claim over which this Court has original jurisdiction, and after considering

judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  28 U.S.C. § 1367(c).

Accordingly, Plaintiff's second cause of action for violation of the Unruh Act is dismissed without prejudice.

**IV.     Conclusion**

Accordingly, Plaintiff's ADA claim is **DISMISSED as moot**.  In addition, the Court **DECLINES** to exercise subject matter jurisdiction over Plaintiff's Unruh Act claim, and that claim is **DISMISSED without prejudice**.  Plaintiff's Motion is **DENIED as moot**.

IT IS SO ORDERED.