**Law Offices of Christine Chong**
Christine Chong SBN 211267
3580 Wilshire Blvd. Suite 900
Los Angeles, CA  90010
Tel:  213-380-6607
chonglaw@sbcglobal.net

Attorney for Defendants,
JOY SM, Inc.

# UNITED STATES DISCTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA | Case No.: 2:20-cv-02475-JFW-MAAX |
| | JUDGE:  HON. JOHN F. WALTER |
| Plaintiff. | **DEFENDANTS MOTION FOR ATTORENY FEES** |
| vs. | DATE: MARCH 22, 2021 |
| JOY SM, Inc., and DOES a through 10, | TIME: 1:30 PM |
| Defendant, | ROOM: 7A |

**TABLE OF CONTENTS**

TABLE OF CONTENTS----------------------------------------------------------------2

TABLE OF AUTHORITIES-----------------------------------------------------------3

MERMOREANDUM OF POINTS AND AUTHORITY-----------------------------4

    I. STATEMENT OF RELAVENT FACTS--------------------------------------4

    II. LEGAL STANDARD-------------------------------------------------------------5

        a.    Defendant is a Prevailing Party------------------------------5

        b.    Plaintiff's Motion was Unreasonable --------------------5-6

    III. CONCLUSION-------------------------------------------------------------------6

# TABLE OF AUTHORITIES

**CASES**

*Mitchell v. City of Moore, Oklahoma*
    218 F.3d 1190 ( 10th Cir 2000)--------------------------------------------------5


**STATUTES**

42 U.S.C. Section 12205 ----------------------------------------------------------5

28 U.S.C. Section 1367-------------------------------------------------------------6

## I.     STATEMENT OF RELAVENT FACTS

Plaintiff Orlando Garcia's Motion for Summary Judgment was filed on January 25, 2021[1]. On February 1, 2021, Defendant filed its opposition to the Summary Judgment Motion. On February 8, 2021 Plaintiff filed its reply.

On February 12, 2021 the court ordered (1) dismissing plaintiff's Americans with Disability Act claim; (2) declining to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claim; and (3) denying Plaintiff's motion for summary judgment motion as moot[2]

On February 18, 2021 a meet and confer was held telephonically by counsel for each party. Defense counsel advised Plaintiff's counsel, Mr. Price of her intent to file a motion for attorney's fees and emailed him a billing statement. At the meet and confer, Plaintiff's counsel became belligerent and demanded authorities under which Defendant is seeking attorney's fees and started arguing. Defendant's counsel repeatedly told him the grounds for which Defendant is seeking attorney's fees was that Plaintiff insisted on filing a motion for summary judgment knowing his ADA claim was moot. Plaintiffs' counsel threatened to seek an attorney's fees against Defendant for seeking attorney's fees.[3]

## II.     LEGAL STANDARD

---

[1] DOCKET NO. 34
[2] Docket No. 44
[3] Decl Chong

The Americans with Disability Act allows a court, in its discretion, to award a prevailing party a reasonable attorney's fees, including litigation expenses and costs[4]

Prevailing defendant can recover fees if the plaintiff's claims were groundless or without foundation.[5] Plaintiff's further insistence on proceeding with his ADA claims after they were clearly rendered moot, the Court finds the lawsuit to be frivolous, unreasonable and groundless, subjecting Plaintiff to payment of Defendant's attorneys' fees and costs.[6]

1. DEFENDANT IS A PREVAILING PARTY

It is undisputed that Court's order dismissing Plaintiff's ADA claims as well as Plaintiff's motion for summary judgment established Defendant as a prevailing party.

2. **PLAINTIFFS INSISTENCE ON FILING MOTION FOR SUMMARY JUDGEMENT IS UNREASONABLE**

Plaintiff was aware of the fact Defendant's business was permanently closed rendering his ADA claim moot.[7] Once his ADA claim becomes moot, Plaintiff was also aware the Court will highly unlikely to exercise supplement jurisdiction over Plaintiffs second cause action, Unruh Civil Act claim. Plaintiff

---

[4] 42 USC 12205
[5] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000 )
[6] id
[7] plaintiffs' Reply 7:22-8.1

motion for summary judgment cannot survive without the court's exercise of supplemental jurisdiction.

The district courts may decline to exercise supplemental jurisdiction over a claim if:

(1) The claim raises a novel or complex issue of State Law;

(2) The claim substantially predominates over which district court has original jurisdiction;

(3) The district court has dismissed all claims over which it has original jurisdiction; or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction[8]

Here, Plaintiff insisted on summary judgment motion under Unruh Civil Act in spite of knowing his ADA claim was moot. Plaintiff should have known a mootness of his ADA claims will render Court's exercise of supplemental jurisdiction highly unlikely. Court, accordingly, has declined exercise supplemental jurisdiction rendering plaintiff's motion for summary judgment moot.

Plaintiff's filing a motion for summary judgment under these circumstances was unreasonable and was designed only to harass defendant. Plaintiff knew Defendant was closing business due an economic loss they suffered from the pandemic. Plaintiff also was aware that defendant could not afford attorney fees to defend the motion or further litigation expenses    To defend Plaintiff's motion for summary judgment defendant has incurred $8,050[9]

### III.  CONCLUSION

---

[8] 28 U.S.C. Section 1367 (c)
[9] Decl. Chong Ex. A

For the forgoing reason,  Defendant respectfully request that the court award Defendant attorney fees in the amount of $10,500 plus $60.80 for costs, a total of $10,560.80.

Respectfully submitted,

                LAW OFFICES OF CHRISTINE CHONG

Dated:  2/26/2021       BY: */s/ Chirstine Chong*

                              Christine Chong
                              Attorney for Defendant,
                              JOY SM, INC.